Donald W. SHEBUSKI and Lenore M. Shebuski, Plaintiffs-Appellants,

v.

LAKELAND STATE BANK, Defendant-Respondent.†

Court of Appeals

*No. 83–855. Submitted on briefs December 5, 1983.— Decided February 21, 1984.*
(Also reported in 345 N.W.2d 898.)

For the appellants the cause was submitted on the briefs of *Richard Bolte Law Offices* of Wausau.

† Petition to review denied.

For the respondent the cause was submitted on the brief of *Ames & Houlihan, Ltd.*, of Minocqua.

Brief of amicus curiae of the Wisconsin Bankers Association was filed by *Boardman, Suhr, Curry & Field* of Madison.

Before Foley, P.J., Dean and Cane, JJ.

FOLEY, P.J.   Donald and Lenore Shebuski appeal the circuit court's dismissal of their complaint against the Lakeland State Bank.  The Shebuskis contend that Lakeland violated sec. 138.053, Stats., by improperly increasing the interest rate on their home mortgage.  Because Lakeland's short-term notes that periodically increased the Shebuskis' interest rate did not violate sec. 138.053, we affirm the judgment.

The Shebuskis originally borrowed $100,000 at 9.5% interest for a term of three years.  In return for smaller monthly payments on the note, the Shebuskis were required to make a large final payment.  The note provided, however, that Lakeland would refinance the final payment if the parties could agree on a new interest rate. The Shebuskis had the right to pay off their note at any time without penalty, and they were not obligated to continue to finance their home with Lakeland.  Since the original note, the Shebuskis have signed four new mortgage notes, each with a six-month term, and each providing for a fixed interest rate for the six-month term that presumably reflected the then prevailing market rate.  The Shebuskis' mortgage provided that their home was security for the original note and all renewals of the note.

None of Lakeland's notes violated sec. 138.053.  The statute is not ambiguous, and we therefore need to look no further than the statute itself to determine its scope. *See Department of Transportation v. Transportation*

*Commission,* 111 Wis. 2d 80, 87–88, 330 N.W.2d 159, 162 (1983). Section 138.053 provides that "[n]o contract between a borrower and a lender [secured by a first mortgage on residential real estate] may authorize the lender to increase the borrower's contractual rate of interest" unless the borrower complies with the statute. The Shebuskis had five separate contracts with Lakeland. Although each contract had a different interest rate, none of the contracts allowed Lakeland to increase the Shebuskis' interest rate during the contract term.

Our interpretation of sec. 138.053 is consistent with 70 Op. Att'y Gen. 33 (1981). It is also consistent with the interpretation of the statute by the commissioner of banking as stated in the affidavit of its general counsel. Courts will accept statutory interpretations by an agency charged with applying the statute unless the interpretation is clearly contrary to the legislative intent. *Department of Administration v. WERC,* 90 Wis. 2d 426, 429, 280 N.W.2d 150, 152 (1979).

*By the Court.*—Judgment affirmed.